## Gillan *versus* Gillan.

1. The appropriation by the Act of February 15th 1866 for the relief of citizens in Chambersburg and vicinity whose property was destroyed by the rebels in July 1864, was a pure gratuity of the state, and the dividend awarded for burning the house of a decedent should go to his widow and child as personalty and not to the lien-creditors.

2. The money appropriated for property taken by the state becomes a substitute for the property. But such principle is not applicable to property lost by public enemies; an appropriation to pay is a mere gratuity and can be claimed only by the party to whom it is given and in accordance with the terms of the gift.

May 22d 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Franklin county*.

This was an amicable action of assumpsit, to August Term 1867, between Comfort C. Gillan, widow, and J. Wyeth Douglas, guardian of Mary E. Gillan, minor child of Matthew Gillan, deceased, plaintiffs, and Thomas Gillan, administrator of Matthew Gillan, deceased, defendant, in which a case was stated for the opinion of the court in the nature of a special verdict, containing these facts :—

"Matthew Gillan died in 1862, leaving a widow and one child, who are the plaintiffs in the above action. The register issued letters of administration on his estate to Thomas Gillan, the defendant. Matthew Gillan was seised in his demesne as of fee of a house and a lot of ground in the borough of Chambersburg, at the time of his decease. Prior to the 30th of July, A. D. 1864, an order was issued by the Orphans' Court, authorizing his administrator to sell said house and lot of ground for the payment of debts. It remained unsold on the 30th of July 1864, on which day a detachment of marauders, led by a man called McCausland, entered Chambersburg and burned the greater part of the town, including the house belonging to the estate of Matthew Gillan. On the 15th day of April 1866 the legislature of Pennsylvania passed an act entitled 'An act for the relief of certain citizens of Chambersburg and vicinity, whose property was destroyed by fire by the rebels, on the 30th day of July, A. D. 1864,' by which it is provided 'that the sum of $500,000 be appropriated to the people of Chambersburg and vicinity, whose property was burned by the rebels on the 30th of July 1864, to be paid to such sufferers, *pro rata*, upon the valuation of their losses, as hereinafter provided for.' A dividend amounting to $1842.12 was made on account of the loss of the aforesaid house, belonging to the estate of the said Matthew Gillan, and said sum was paid by the state of Pennsylvania to the administrator of the said deceased, who has now in his possession the said sum of money. At the death of

[Gillan v. Gillan.]

the said Matthew Gillan there were judgments and other encumbrances of record, in the Court of Common Pleas of Franklin county, which were liens upon said real estate, and he was insolvent. The defendant, as administrator, claims the right to pay out the aforesaid sum of money, on account of the claims of the said lien-creditors, which will exhaust the fund. If upon this state of facts the court be of opinion that the plaintiffs are entitled to said sum of money, then judgment to be entered in favor of the widow for $614.04, and in favor of the guardian for $1228.08, if in the opinion of said court the said money is to be distributed as personalty as between said widow and child; but if as realty, then judgment to be entered that the widow shall have the interest on $614.04 annually during her natural life, and the minor shall have now the sum of $1228.08, and the further sum of $614.04 at the widow's death. If the court be of opinion that the money belongs to the lien-creditors of the decedent, judgment to be entered for the defendant."

The court entered judgment for the widow and child for the sums stated in the case as personalty. This was assigned for error by the administrator, who removed the case to the Supreme Court.

*J. McD. Sharpe*, for plaintiff in error, cited Act of February 15th 1866, Pamph. L. 43, for the relief of certain citizens of Chambersburg and vicinity, &c.

*L. S. Clarke*, for defendants in error, cited Wither's Appeal, 14 S. & R. 185; Beyer v. Reesor, 5 W. & S. 502; Erb v. Erb, 9 Id. 147.

The opinion of the court was delivered, October 31st 1867, by

THOMPSON, J.—On the 15th of February 1866, the legislature passed the act which has given rise to the present controversy, entitled "An act for the relief of certain citizens of Chambersburg and vicinity, whose property was destroyed by fire, by the rebels, on the 30th of July 1864." The sum of $500,000 was appropriated to this purpose, and directed to be paid to "the people of Chambersburg and vicinity, whose property was burned by the rebels," at the time mentioned, by a *pro rata* distribution "upon a valuation of their losses." Losses of property, both real and personal, were to be appraised, and to become the basis of this *pro rata* distribution. The case stated presented to the court below, the single question, whether the money awarded to the estate of Matthew Gillan, deceased, on account of the destruction of a brick dwelling-house, situate in the town of Chambersburg, should be applied by the administrator in discharge of liens on the property, or be paid to the widow, and the guardian of her

minor child, or be invested for their benefit under the intestate laws. The learned judge, holding the money to be a pure gratuity on part of the state, directed judgment to be entered in favor of the widow and guardian, as in cases of distribution of personal assets under the intestate laws.

Considering the occasion and object of the grant on part of the state, we think he was right in this conclusion. It was not a case in which the state was bound to indemnify the sufferers. Losses by public enemies—the casualties of war—are risks that every one in society assumes and must bear. Property destroyed by such agencies, is not like property taken by the state. There the money becomes the substitute of the property, and the lien attaches to the substitute. This results from well-established equitable principles. But no such principles are applicable to the case of a mere gratuity. It can only be claimed in accordance with the terms of the gift and by the party to whom it is given. In the case of a great public calamity, public and private contributions always result from a generous regard for the immediate sufferers. It would be a novel mode of administering relief to starving and freezing people to appropriate the means intended for their relief to the payment of precedent debts. The direction in the act before us is to pay to " such sufferers " as shall be shown to have lost their property by the burning referred to. As lien-holders are not owners of property, they are not within the description of the beneficiaries of the act ; and as there is no equitable principle of substitution to be invoked by them, in such a case as this, we think they are not entitled to any portion of the money in question, and the        Judgment is affirmed.